IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR LEE HALL, # 277988, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:14cv610-WKW |
| | ) (WO) |
| ALABAMA DEPARTMENT OF | ) |
| CORRECTIONS, *et al.,* | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Petitioner Arthur Lee Hall ("Hall"), a state inmate at Staton Correctional Center in Elmore, Alabama, filed this *pro se* petition on June 10, 2014, seeking habeas corpus relief under 28 U.S.C. § 2254. Doc. 1. Hall, who is incarcerated on a conviction and 10-year sentence for first-degree sexual abuse imposed upon him by the Circuit Court of Montgomery County in May 2011, challenges the Alabama Department of Corrections' ("ADOC") denial of correctional incentive time deductions in calculating his minimum release date.

### II.   DISCUSSION

Hall argues he is entitled to correctional incentive time deductions because his offense, first-degree sexual abuse, is a non-Class A felony with a sentence of less than 15 years, which he says earns "good time" under the Alabama Correctional Incentive Time Act ("ACITA"). *See* Ala. Code § 14-9-40, *et seq.*[1] It is clear, however, that Hall's conviction for a non-Class A felony and

---

[1] Hall first asserted this claim in a state petition for writ of habeas corpus filed in the Circuit Court of Elmore County in July 2013. Doc. 13-4 at 1–3. That court denied his petition in October 2013 (Doc. 13-6), and he

(continued…)

the length of his sentence are not what bar him from eligibility for correctional incentive time; instead, it is his conviction for a criminal sex offense involving a child that renders him ineligible for these time deductions.

> Section 14-9-41 of the ACITA provides, in pertinent part:
>
> (a) Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, ... other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article *may* be entitled to earn a deduction from the term of his sentence....
>
> ….
>
> (e) Provided, however, no person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary. . . . No person may receive the benefits of correctional incentive time if he or she has been convicted of a criminal sex offense involving a child as defined in Section 15-20-21(5) . . . ."

Ala. Code § 14-9-41(a)–(e). A criminal sex offense involving a child is defined to include "[a] conviction for any criminal sex offense in which the victim was a child under the age of 12." Ala. Code § 15-20-21(5).

Hall's victim was ten years old at the time of the offense. *See* Docs. 13-3 at 1; 13-5 at 4 & 6. Therefore, under Ala. Code §§ 14-9-41(e) and 15-20-21(5), Hall is ineligible for correctional incentive time deductions. ADOC therefore correctly denied him correctional incentive-time deductions in calculating his minimum release date, and the state courts correctly denied his claim.

In June 2015, Ala. Code § 14-9-41(e) was amended to provide that the definition of a sex offense rendering an inmate ineligible for correctional incentive time is set forth at Ala. Code §

---

appealed. The Alabama Court of Criminal Appeals affirmed the circuit court's judgment on March 7, 2014. Doc. 15-1. Hall petitioned the Alabama Supreme Court for certiorari review, and his petition was denied on May 16, 2014. Docs. 13-7 & 13-8.

15-20A-4(26), which defines a sex offense involving a child as "[a] conviction for any sex offense in which the victim was a child." Section 15-20A-4(2) defines a child as "[a] person who has not attained the age of 12." Thus there is no effective difference for Hall between § 14-9-41(e) before and after the June 2015 amendment.

In his brief in support of his § 2254 petition and his response to the respondents' answer, Hall seems to argue that it makes a difference that his offense occurred before July 2011, when Ala. Code § 15-20A-48 became effective. *See* Docs. 2 & 17. Section 15-20A-48 provides in pertinent part that, for the purpose of § 14-9-41, a criminal sex offense involving a child means "[a] conviction for any sex offense in which the victim was a child under the age of 12." Ala. Code § 15-20A-48(a). In every important respect, the definition in § 15-20A-48 is the same definition in Alabama Code §§ 15-20-21(5) and 15-20A-4(2). Simply put, at all times relevant to Hall's case, a conviction for a criminal sex offense involving a victim under the age of 12 rendered an Alabama prisoner ineligible for correctional incentive time deductions.

Moreover, even an inmate eligible for correctional incentive-time deductions has no constitutional right or entitlement to receive these deductions from the term of his sentence, nor is any such right created by state law, as the granting of such deductions under Alabama Code § 14-9-41 is discretionary. *See Conlogue v. Shinbaum*, 949 F.2d 378, 380–381 (11th Cir. 1991); *Sandin v. Conner*, 515 U.S. 472 (1995). Although § 14-9-41 contains language delineating which inmates are eligible to receive correctional incentive time—language that bars Hall from eligibility—the statute does not create an interest in receiving correctional incentive time upon meeting the requisite eligibility criteria, nor does it contain any explicit mandatory language that restricts the discretion of persons charged with deciding whether an inmate should be granted these time deductions. While the eligibility criteria are prerequisites, the statute does not establish a right to

3

receive incentive-time deductions even if the criteria are met. Thus, the failure to grant correctional incentive time to an inmate does not alter or extinguish a protected right or status and therefore does not deprive inmates of any protected liberty interest. Consequently, Hall's arguments regarding an unconstitutional denial of correctional incentive time are indisputably meritless as they allege "infringement of a legal interest which clearly does not exist." *Robinson v. Deloach*, 2009 WL 1116838, at *5 (M.D. Ala. Apr. 24, 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before August 24, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

5

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, this 3rd day of August, 2016.

                                 /s/ Gray M. Borden
                                 UNITED STATES MAGISTRATE JUDGE